UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:17-CR-00014-1-JRG-CRW |
| | ) **TO BE FILED UNDER SEAL** |
| MARY MAE BOWMAN | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Mary Mae Bowman's Pro Se Motion to Reduce Sentence Pursuant to Amendment 821 of the U.S. Sentencing Guidelines [Doc. 664], the Federal Defender Services of Eastern Tennessee's Notice of No Intention to File a Supplemental Motion [Doc. 666], and the United States's Response in Opposition [Doc. 673]. For the reasons herein, the Court will deny Ms. Bowman's motion.

### I. BACKGROUND

In 2016, a confidential informant met with Ms. Bowman at her residence and bought approximately 2.5 grams of methamphetamine from her. [Plea Agreement, Doc. 148, at 2]. A firearm was present on the bed in the bedroom, "in the immediate vicinity of where the drug deal took place." [*Id.* at 2–3]. Law-enforcement officers later obtained a search warrant for Ms. Bowman's residence, and during their search, they found four firearms, ammunition, scales, baggies, and cell phones. [*Id.* at 4]. A grand jury later charged Ms. Bowman with multiple offenses under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, as well as firearm offenses, [Indictment, Doc. 10, at 1–2, 3–4, 8], and she went on to plead guilty to conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846, [Plea Agreement at 1].

In the plea agreement, Ms. Bowman admitted that she was responsible for conspiring to distribute and possess with the intent to distribute between 1,500 and 4,500 grams of actual methamphetamine. [*Id.* at 6]. She also agreed that a two-level enhancement was appropriate under USSG § 2D1.1(b)(1), [*id.*], which increases a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S. Sent'g Guidelines Manual § 2D1.1(b)(1). At sentencing, her total offense level was 37 and her criminal history category was I, and her advisory guidelines range was 210 to 262 months' imprisonment. [Statement of Reasons, Doc. 462, at 1]. In response to the United States's motion under USSG ¶ 5K1.1, the Court departed downward and sentenced her to a below-guidelines sentence of 180 months' imprisonment. [Statement of Reasons, Doc. 462, at 2; J., Doc. 461, at 2].

Acting pro se, Ms. Bowman now moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the *United States Sentencing Commission Guidelines Manual*. The United States opposes her motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Ms. Bowman's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

2

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if she satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that she is entitled to a sentence reduction under § 3582(c)(2)).

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*); *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[1] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive." *Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is inconsistent with USSG § 1B1.10 when the amendment at issue (1) does not apply to the defendant or (2) does not lower the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see*

---

[1] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

*Dillon*, 560 U.S. at 826–27. In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if the applicable amendment had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; U.S. Sent'g Guidelines Manual § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guidelines range. U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A).

If a reduction is consistent with § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl.

4

to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

In Part B, Subpart 1 of Amendment 821, the Sentencing Commission created a brand new guideline: USSG § 4C1.1 in Chapter Four of the *Guidelines Manual*, in which it instituted a decrease of two offense levels for "Zero-Point Offenders" (i.e., offenders with no criminal

5

history points) whose offense did not involve certain aggravating factors. To receive this two-level adjustment, a zero-point offender must "meet[] all of the following criteria":

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.* § 4C1.1.

In moving for a sentence reduction, Ms. Bowman contends that she "fully qualifies" for the "two (2) point reduction in [her] criminal sentence" under Part B of Amendment 821 because she is a "first time offender[] with a criminal history score of 'zero.'" [Def.'s Mot. at 3, 4]. Although the United States concedes that Ms. Bowman is s a zero-point offender, it argues that she is ineligible for a sentence reduction under Part B because "[o]fficers found four firearms

6

in her home and she agreed that a two-level enhancement for possessing a firearm should be applied." [United States's Resp. at 3]. She therefore "cannot satisfy U.S.S.G. § 4C1.1(a)(7)," the United States maintains. [*Id.*].

A drug dealer possesses a firearm "in connection with" a drug-trafficking offense—the language that appears in § 4C1.1(a)(7)—when the firearm facilitated or had the potential to facilitate the drug-trafficking offense or when it is in close physical proximity to drugs or drug paraphernalia. *Cf. United States v. Jackson*, 877 F.3d 231, 237 (6th Cir. 2017); *United States v. Hardin*, 248 F.3d 489, 497–501 (6th Cir. 2001). When the Court considers "the propensity of drug traffickers to carry firearms" to protect their drugs and the fact that Ms. Bowman's firearms were in close proximity to the drugs and drug paraphernalia in her residence, [Plea Agreement at 2–3, 4], the Court can readily conclude that she possessed these firearms in connection with her drug-trafficking offense, *United States v. Williams,* 272 F. App'x 473, 477 (6th Cir. 2008) (citations omitted).

But even if she did not possess the firearms in connection with her drug-trafficking offense and could satisfy § 4C1.1(a)(7), § 3553(a)'s factors—which, incidentally, she does not address in her motion—weigh against a sentence reduction under Amendment 821. The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *Curry*, 606 F.3d at 331, so it has no obligation to readdress each of those factors now, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring district courts to consider § 3553(a)'s factors "to the extent that they are applicable"); *see also United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (recognizing that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary

sentencings" (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Curry*, 606 F.3d at 330–31 (emphasis added) (internal quotation marks and quotation omitted)).

In Mr. Bowman's case, the factors that the Court will address include § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4). Mr. Bowman's criminal offense—i.e., conspiring to distribute and possess with the intent to distribute fifty grams or more of methamphetamine—is unquestionably serious in nature, and so are the circumstances of her offense. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000))); *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense[.]" (citations omitted)); *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave"). Ms. Bowman admitted that she was responsible

8

for conspiring to distribute and possess with the intent to distribute between 1,500 grams and 4,500 grams of actual methamphetamine, [Plea Agreement at 3]—which are astonishingly large amounts, *see, e.g.*, *United States v. Castro*, 960 F.3d 857, 865 (6th Cir. 2020) (stating that a hundred grams of heroin is a "large quantit[y] of drugs"); *cf. United States v. Farmer*, No. 95-6637, 1996 WL 694147, at *4 (6th Cir. Dec. 3, 1996) (describing 150 grams of cocaine base as "a large quantity of narcotics").

In addition, Ms. Bowman received a favorable outcome at sentencing. The Court had the discretion to sentence her at the top of the guidelines range, 262 months, or higher. The United States recommended the Court depart downward by three levels under § 5K1.1 and impose a guidelines-range sentence. [United States's Mot. for Downward Departure, Doc. 442, at 4]. The United States has "a power, not a duty, to file a motion when a defendant has substantially assisted," *Wade v. United States*, 504 U.S. 181, 185 (1992), and the Court was under no obligation to follow the United States's recommendation of a three-level departure, *see United States v. Bright*, 3 F. App'x 232, 237 (6th Cir. 2001) (recognizing district courts' "wide discretion concerning whether to depart under section 5K1.1" (quotation omitted)); *United States v. Mills*, No. 93-6418, 1994 WL 419573, at *2 (6th Cir. Aug. 10, 1994) ("[A] district court's decision to grant or deny a § 5K1.1 motion is entirely discretionary."). The Court ultimately accepted the United States's recommendation of a three-level departure and sentenced Ms. Bowman to a below-guidelines sentence of 180 months' imprisonment.

An additional reduction in her sentence simply would not reflect the seriousness of her offense, promote respect for the law, or provide just punishment for the offense, nor would it afford adequate deterrence or protect the public from future crimes. *See United States v. Garfias*, No. 5:19-080-DCR, 2024 WL 457763, at *2 (E.D. Ky. Feb. 6, 2024) (recognizing that the

9

Case 2:17-cr-00014-JRG-MCLC    Document 684    Filed 10/11/24    Page 9 of 10    PageID #: 8298

defendant received a favorable outcome at sentencing and declining to grant him a reduction under Amendment 821 because "any further reduction of [his] sentence would unduly diminish the seriousness of his offenses"). Because Ms. Bowman possessed firearms in connection with her drug-trafficking offense and because § 3553(a)'s factors militate against a reduction in her sentence, she is not entitled to relief under Amendment 821.

## IV. CONCLUSION

Ms. Bowman fails to show that she is entitled to a sentence reduction under § 3582(c)(2), and her Pro Se Motion to Reduce Sentence Pursuant to Amendment 821 of the U.S. Sentencing Guidelines [Doc. 664] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
